**KISOB LAW FIRM**
Apemwoyah Kisob Alaric-Lorenzo Esq. (SBN. 321507)
Alkisob@kisoblaw.US
Attorney and Counselor-at-Law
New York, California, Nigeria & Cameroon
BN: 5402318, 321507, 094525 &1853
3680 Wilshire Blvd Suite P 04-1147
Los Angeles CA 90010
Telephone:  7028634243
Fax:  2133838080
Attorney for Plaintiffs
Terry Marshall, Cindy Rickel, M. M. & a putative class.

## UNITED STATES DISCTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Terry Marshall, Cindy Rickel, M.M., a minor, by and through his Guardian Ad Litem Terry Marshall.<br><br>**Plaintiffs,**<br><br>vs.<br><br>ROSS STORES, INC dba dd's Discount and DOES 1 THROUGH 10 inclusive.<br><br>**Defendant(s)** | **Case No.: 2:20-cv-04703-PSG-PLA**<br><br>**Assigned to the Hon: Philip S. Gutierrez**<br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br>1. **Violation of the ADA**<br>2. **Discrimination in violation of the Unruh Civil Rights Act**<br>3. **Intentional Infliction of Emotional Distress**<br>4. **Negligent hiring, supervision or retention of employee.**<br><br>**Action Filed: May 27th, 2020**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiffs Terry Marshall, Cindy Rickel, and M.M. a minor ("Plaintiffs"), bring this action to address Ross Store Inc.'s (**"ROSS" or "DEFENDANT"**) pattern of arbitrary discrimination at its dd's Discount stores in Palmdale and Lancaster, California (individually "**Palmdale store**"  (266 E Palmdale Blvd, Palmdale, CA 93550),  and "**Lancaster store**" (2038 W Ave J, Lancaster, CA 93536) respectively, together "the stores").

2. Upon information and belief and based thereon, Plaintiffs have on many occasions been

SECOND AMENDED COMPLAINT CLASS ACTION COMPLAINT MARSHALL ET AL. V ROSS STORES, INC. ET AL.

- 1 -

denied access to restrooms at the stores.

3. Plaintiffs recognize that the stores have a policy to deny public/customer access to its restrooms. However, if one customer is denied access to the restroom, so should it be for all customers. To do otherwise is to discriminate arbitrarily. When the selection criteria as in this case, appear to be based on race, it makes matters worse.

4. Based on online customer reviews, there are many customers who have been victims to this form of arbitrary discrimination at the stores.

5. Plaintiffs bring this action on their own behalf, and on behalf of other similarly situated dd's Discounts stores' customers.

## PARTIES

6. At all times mentioned herein, Plaintiffs have resided in Los Angeles County, California.

7. Plaintiffs are informed and believe and based thereon allege that at all times mentioned herein, defendant Ross Stores. Inc. ("**ROSS**") was and is an incorporated entity headquartered in Dublin, California, and doing business in Los Angeles County California as dd's Discount Stores. Defendant's wrongful acts were committed in Los Angeles County, California. Plaintiff is yet to ascertain the true identities of Defendants sued herein as Does 1 through 10. ROSS and DOE Defendants shall be referred to collectively as "Defendants."

8. Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have been discriminatorily denied access to restrooms at dd's Discount stores in California.

9. This action is appropriately suited for class pursuant to Rule 23 of the FRCP action because (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

## CLASS ACTION ALLEGATIONS

10. Plaintiffs bring this action on their own behalf, and as a class action on behalf of the Classes defined herein, pursuant to, and properly maintainable under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P.

SECOND AMENDED COMPLAINT CLASS ACTION COMPLAINT MARSHALL ET AL. V ROSS STORES, INC. ET AL.

- 2 -

23(b)(2) and Fed. R. Civ. P. 23(b)(3). The Classes consist of several customers who have been denied restroom access at the stores in California. Specifically, Plaintiffs bring this suit on behalf of the following Classes:

    a. <u>The "Caucasian/White Class"</u>: All Caucasians/Whites who have been denied restroom access at the stores because of their race. The class excludes counsel representing the class and all persons employed by said counsel.

    b. <u>The "Disabled Subclass"</u>: All disabled persons who were denied restroom-access at the stores even after informing the stores' employees of their disability or where their disability was apparent. The class excludes counsel representing the class and all persons employed by said counsel.

    c. <u>The "Associate subclass"</u>: All persons who were with or accompanied Plaintiffs or any other Caucasian Class member on the day when they were denied restroom access at the stores.

11. <u>Numerosity and Ascertainability</u>: the size of the Class and subclass makes a class action both necessary and efficient. The proposed Class includes hundreds of the stores customers who have been denied access to the restroom. Members of the Class are ascertainable through complaints and reviews published online about the stores' arbitrary and discriminatory practices as well as complaints made directly to the stores (obtainable through discovery) but are so numerous that joinder of all individual Class would be impracticable.

12. <u>Predominant Questions of Law and Fact:</u> Common questions of law and fact affecting the rights of the class and subclass predominate over any individualized issues. These common questions include but are not limited to whether:

    a. Whether Defendants discriminate in violation of the ADA (42 U.S. C. §§ 12181-12189 and its implementing regulations) when they refuse to make reasonable accommodations/modifications to their restroom policy by denying restroom-access to disabled customers who because of a disability, seek modification of the stores' restrooms policies to enable them make use of the restrooms ;

SECOND AMENDED COMPLAINT CLASS ACTION COMPLAINT MARSHALL ET AL. V ROSS STORES, INC. ET AL.

- 3 -

      b. Whether Defendants arbitrarily discriminate based on race in violation of the UNRUH CIVIL RIGHTS ACT when they allow non-White customers and not White customers access to the restroom at the stores; and;

      c. Whether a violation of the ADA under subdivision (12)(a) supra is automatically a violation of the UNRUH CIVIL RIGHTS ACT;

      d. Whether defendants intentionally discriminated against the disability subclass in violation of the UNRUH CIVIL RIGHTS ACT when they refused to accommodate their disability.

      e. Whether associates of a victim of discrimination under the UNRUH CIVIL RIGHTS ACT have standing to sue under the Act.

13. These common questions will generate common answers for the Class and subclasses as their members have suffered identical injuries.

14. There is significant proof that ROSS operates the stores under a general uniform policy of discrimination because if their policy is to deny restroom access to all customers and they have knowledge or should know that their employees are allowing access to some and not all customers, then their policy at the stores is truly "No restroom access to White customers only." That is a proper description of their policy and that is a uniform policy as applied in the stores. A fork remains a fork even if we call it a spoon. ROSS cannot argue that their policy is to deny every customer access to the stores' restrooms if that is not in effect what their policy is especially when they know or should know that access to the stores' restrooms is being allowed discriminatorily. Even after Plaintiffs' put ROSS on notice of their employees' conduct, the practice continued. Discovery will reveal what ROSS knew and when they knew of these discriminatory practices. If they knew that these practices had been going on, then their inaction would have blessed the conduct and made it customary store policy to deny White customers access to the restroom while allowing only non-White customers access. Store policies are not static and change by writing or custom. Alternatively, if it was their intention from the onset that the policy be applied in this discriminatory way, it would still amount to a uniform store policy. ROSS' Employees' ability to allow restroom access based on race is common enough to satisfy commonality.

15. Typicality: Plaintiffs' claims are typical of those of the Class and subclass as Plaintiffs are

SECOND AMENDED COMPLAINT CLASS ACTION COMPLAINT MARSHALL ET AL. V ROSS STORES, INC. ET AL.

- 4 -

customers who have been denied access to the restrooms at the stores.

16. Adequacy of representation: Plaintiffs will fairly and adequately represent the Class and subclass as their individual interests are consistent with and not antagonistic to the interests of the Class and subclasses. Plaintiffs have retained Counsel who has the ability and resources to prosecute this matter to the end.

17. Superiority of Class Mechanism Rule 23(b)(3) FRCP: Class certification is appropriate because common questions of law and fact predominate over any questions affecting only individual members of the classes. The compensation owed individual members of the classes is relatively small compared to the expense and burden of litigating separately and individually.

18. Also, per Rule 23(b)(2): Class certification is also necessary as Defendant has acted or refused to act on grounds that apply generally to the classes.

19. Defendant is liable for all tortious actions of its employees under the doctrine of Respondeat Superior. "An employer may be held vicariously liable for torts committed by an employee within the scope of employment." (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 208). The Plaintiff bears the burden of proving that the employee's tortious act was committed within the scope of employment. (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202.). Conduct is within the scope of employment if: "It is reasonably related to the kinds of tasks that the employee was employed to perform; or It is reasonably foreseeable in light of the employer's business or the employee's job responsibilities." (CACI No. 3720). There is no doubt that all discriminatory acts by ROSS' employees were carried out within the scope of their employment.

**JURISDICTION AND VENUE**

20. This Court has subject matter jurisdiction because this action is brought pursuant to 28 U.S.C. § 1331(federal question), as it arises under the Constitution and laws of the United States, and specifically pursuant to 28 U.S.C. §1343, as this action seeks redress for civil rights violations under (42 U.S. C. §§ 12181-12189) and its enacting regulations *et seq* and 42 U.S.C. § 1981.

21. The local-controversy provision is an exception to CAFA's extension of federal diversity jurisdiction under 28 U.S.C. § 1332; "when the requirements of federal-question jurisdiction are met [under § 1331], district courts may exercise jurisdiction over class actions, even if they involve only

SECOND AMENDED COMPLAINT CLASS ACTION COMPLAINT MARSHALL ET AL. V ROSS STORES, INC. ET AL.

- 5 -

local parties." *Blevins v. Aksut*, No. 16-11585, 2017 WL 782288 (11th Cir. Mar. 1, 2017).

22. Venue is proper in this judicial district because Defendants reside in, can be found in, transact business in, and/or maintain their principal offices in Los Angeles County and Defendants' wrongful acts were committed in Los Angeles County.

23. Plaintiff's claim for attorneys' fees and costs under federal law is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to and 42 U.S.C. § 1981 and 42 U.S. Code § 12205; 28 CFR § 36.505, which authorize the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S. C. §§ 12181.

24. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367, as they arise from the same case or controversy as Plaintiffs' claims under federal law.

25. Plaintiffs' claim for attorneys' fees and costs under state law is predicated upon California Civil Code § 52.1 and 52(a), which authorize the award of attorneys' fees and costs in an action brought under those statutes, and California Code of Civil Procedure § 1021.5, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs whose actions vindicate important rights.

## FACTS COMMON TO ALL CAUSES OF ACTION

26. Upon information and belief and based thereon, Plaintiffs are longtime customers of the stores. They had been informed of the stores' no restroom policy to customers as early as in 2018. More recently Plaintiffs individually or jointly visited the Lancaster store on: 2/22/2019; 3/15/2019; 3/26/2019; 4/18/2019; 5/11/2019; 6/4/2019; 6/29/2019; 7/05/2019; 8/11/2019; 8/30/2019 and 1/30/2020. Plaintiffs also, individually or jointly visited the Palmdale store on: 2/07/2019; 2/10/2019; 3/10/2019; 5/3/2019; 6/11/2019; 10/02/2019; 10/25/2019; 11/07/2019; 11/30/2019; 2/08/2020; and 2/27/2020.

27. Upon information and belief and based thereon, on every occasion, Plaintiffs, just like so many other dd's Discounts customers, have been denied the opportunity to use a restroom at the stores either expressly or because of prior knowledge of the stores' "alleged" policy of denying restroom access to all customers. Plaintiffs have no issue with a blanket denial of restroom access at the stores. However, Plaintiffs noticed that on many occasions when they asked to use the restroom and were told to go use the restrooms of neighboring stores like "Starbucks", other non-White customers were

SECOND AMENDED COMPLAINT CLASS ACTION COMPLAINT MARSHALL ET AL. V ROSS STORES, INC. ET AL.

- 6 -

nevertheless allowed to use the same restrooms at the same stores Plaintiffs had been denied access to.

28. Upon information and belief and based thereon, on Saturday the 30th of November 2019 for example, at the Palmdale store, Plaintiff Terry Marshall ("Terry") who is Caucasian, and who suffers from a disability (diabetes) was denied access to the restroom even after he requested a modification to the discriminatory restroom policy which would have allowed him to use the restroom. He informed the store's employee that he was disabled and asked that they allow him to use the restroom which they had claimed was an employee's only restroom. After he was denied access, he soiled his pants as the neighboring store he was asked to go relieve himself at was closed. Diabetes often leads to more urine production and consequently, a need to use the restroom more frequently. His Caucasian wife, Plaintiff Cindy Rickel ("Cindy") and 9-year-old son, M.M. were also on other occasions denied access to the restroom at this same Palmdale store and had to go relieve themselves somewhere else meanwhile on at least one occasion, when they returned to the store after using a neighboring store's restroom, they saw and heard a black female customer being allowed access to the restroom on condition that she remain quiet about it.

29. Upon information and belief, At the Lancaster store, Plaintiff Terry's daughter who is Asian, has been allowed to use the restroom for as long as she likes provided "she keep it quiet" meanwhile his son, M.M. (Caucasian), has been denied restroom access at this same location. In fact, the employee at the Lancaster store who allowed Terry's daughter to use the restroom said to tell no one. On one occasion, same employee 'radioed' another employee called "Jennifer" and asked that she allow M.M. to use the restroom only after Plaintiff Terry's Asian daughter requested access on his (M.M.'s) behalf since he had already been denied access. The stores' employees basically pick and choose who can use the restroom and their decisions are based clearly on race. It is fair to say that ROSS' policy in both stores is to pick and choose a particular type of customer for these shopping accommodations and facilities in discriminatory fashion (race based). Class members who have been denied access are also victims of this serial and arbitrary discriminatory practice.

30. After Plaintiffs retained Counsel to address this discriminatory conduct and even after Plaintiffs' Counsel put ROSS on notice of what was happening at their stores (discriminatory bathroom policies), nothing was done and Terry's Asian daughter was still allowed to use the restroom at the

SECOND AMENDED COMPLAINT CLASS ACTION COMPLAINT MARSHALL ET AL. V ROSS STORES, INC. ET AL.

- 7 -

Lancaster store on February 8th 2020 meanwhile his wife, Plaintiff Cindy Rickel was denied access to the restroom at the same store on the same day. All this was recorded on video and audio which is allowed in California since no party to the conversations had an expectation of confidentiality (high likelihood to be overhead at a store) and the videos were captured in a public gathering.

## FIRST CLAIM FOR RELIEF

## (DISCRIMINATION IN VIOLATION OF THE ADA (42 U.S. C. §§ 12181-12189) AND ITS ENACTING REGULATIONS)-

## PLAINTIFF TERRY MARSHALL AGAINST ALL DEFENDANTS

31. Plaintiff Terry Marshall hereby restates and incorporates by reference the preceding paragraphs as if set forth herein.

32. Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12181–12189), as amended by the ADA Amendments Act of 2008 (ADA Amendments Act) (Public Law 110–325, 122 Stat. 3553 (2008)) and its implementing regulations prohibits discrimination on the basis of disability by covered public accommodations or commercial facilities.

33. Upon information and belief, Plaintiff Terry Marshall is diabetic, an impairment that substantially limits one or more of his major life activities. 42 U.S.C. § 12102: 28 C.F.R. § 36.105 (defining "disability" for purposes of Title III of ADA). Accordingly, he has a disability within the meaning of 42 U.S.C. § 12102(1 & 2) and 28 C.F.R. § 36.105. ROSS is a public accommodation.

34. Title III of the ADA prohibits public accommodations from discriminating against an individual on the basis of disability in the full and equal enjoyment of its goods and services. 42 U.S.C. §§12182(a). Under Title Ill, a public accommodation must make reasonable modifications to its policies, practices, and procedures when necessary to avoid discrimination on the basis of disability, unless the entity can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations of the public accommodation. 42 U.S.C. § 12182(b)(2)(A): 28 C.F.R. § 36.302(a & b).

35. In addition, Title Ill of the ADA prohibits public accommodations· from imposing impermissible eligibility criteria and from imposing a surcharge on individuals with disabilities to cover the cost of measures to provide individuals with disabilities with nondiscriminatory treatment. 42 U.S.C.

SECOND AMENDED COMPLAINT CLASS ACTION COMPLAINT MARSHALL ET AL. V ROSS STORES, INC. ET AL.

- 8 -

§ 12182 and 28 C.F.R. § 36.301. When the ROSS picks and chooses who should be allowed to use the restroom based on race, all disabled customers who are not White are denied access to the restroom including Plaintiff Terry Marshall who is diabetic and members of the disability subclass. Diabetes is a disability[1]. Diabetes often leads to more urine production and consequently, a need to use the restroom more frequently.

36. When ROSS refused to reasonably accommodate and make modifications to their discriminatory store policies to Plaintiff Terry Marshall and the disability subclass when they were informed or should have known of Plaintiff Terry's or the subclass members' disability, they violated the ADA. Plaintiff Terry Marshall soiled his pants on at least one occasion at the Palmdale store when he was denied restroom access while shopping at the store. Terry had requested that the store's employee grant him access to the restrooms or modify the store's alleged policy of denying restroom access to all customers so that he could use the restroom because he is disabled, yet the store's employee still denied him access to the restroom. Diabetes often leads to more urine production and consequently, a need to use the restroom more frequently. Plaintiff Terry Marshall has been exposed to the same treatment at the Lancaster store. The proposed sub-class will include all disabled people who were excluded from access to the restrooms because of ROSS' impermissible eligibility criteria (employees picking and choosing who can use the restrooms based on race) as well as disabled people who requested a modification to the discriminatory restroom policy to no avail. Even if the stores' policy is to deny restroom access to all customers, ROSS was supposed to make a reasonable modification albeit temporary to accommodate Plaintiff Terry Marshall and members of the subclass. ROSS cannot demonstrate that making the modifications would have fundamentally altered the nature of the goods, services, facilities, privileges, advantages or accommodations it provided.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

### ALL PLAINTIFFS AGAINST ALL DEFENDANTS

37. Plaintiffs hereby restate and incorporate by reference the preceding paragraphs as if set forth

---

[1] https://www.eeoc.gov/laws/guidance/diabetes-workplace-and-ada

SECOND AMENDED COMPLAINT CLASS ACTION COMPLAINT MARSHALL ET AL. V ROSS STORES, INC. ET AL.

- 9 -

herein.

38. California Civil Code § 51 (b) states, "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

39. § 52 (a) of the same code, states "(a) Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

40. The classes protected by the Unruh Civil Rights Act are illustrative, not exhaustive, as the Unruh Civil Rights Act is intended to protect all persons from arbitrary discrimination. *Vaughn v. Hugo Neu Proler Int'l.*, 223 Cal. App. 3d 1612, 1617 (1990); *O'Connor v. Village Green Owners Assn*., 33 Cal. 3d 790, 795 (1983). Allowing some and not all customers access to the restroom based on race is arbitrary discrimination prohibited by the Act.

41. Defendants discriminated against Plaintiffs and the class because of their race. Plaintiffs and the class are Caucasian. Plaintiff Terry's Asian daughter has been allowed free and permanent access to the stores' restrooms meanwhile Plaintiffs have been denied same access to the same facilities on many occasions. On one occasion, at the Palmdale store, Plaintiff Cindy Rickel observed a store employee allowing a Black female customer access to the restroom when she and Plaintiff M.M. had been refused access to the same restrooms a few minutes earlier.

42. Defendants violated the UNRUH CIVIL RIGHTS ACT as Plaintiffs' and the proposed Caucasian Class' race was used as a distinction to deny them full and equal accommodations to services, facilities and privileges as all other customers.

43. Discrimination against either Plaintiff is discrimination against all plaintiffs who were with the victim Plaintiff at the time of the discrimination by association. See *Winchell v. English* (1976) 62

SECOND AMENDED COMPLAINT CLASS ACTION COMPLAINT MARSHALL ET AL. V ROSS STORES, INC. ET AL.

- 10 -

Cal.App.3d 125, 128-130 [ 133 Cal.Rptr. 20]. See also *In re Cox* (1970) 3 Cal.3d 205 [ 90 Cal.Rptr. 24, 474 P.2d 992].

44. Even if Plaintiffs do not belong to a protected category, the mere denial of access to the restroom to them and not to all other customers is arbitrary discrimination which violates the Act. The objective of the Act is to prohibit businesses from engaging in unreasonable, arbitrary or invidious discrimination (*Sunrise Country Club Assn. v. Proud* (1987) 190 Cal.App.3d 377, 381 [ 235 Cal.Rptr. 404].) The Act applies not merely in situations where businesses exclude individuals altogether, but also where treatment is unequal (*Koire v. Metro Car Wash* (1985) 40 Cal.3d 24, 29 [ 219 Cal.Rptr. 133, 707 P.2d 195].)

45. The Stores' claimed policy of not allowing customers restroom-access is not neutral because some customers are being allowed access to the stores' restrooms and ROSS knew or should have known of this. At trial, Plaintiffs will show video evidence that supports these facts. Discovery will also further show that this policy was not neutral in that it was not applicable to every customer. Plaintiffs do not bring this action based on the disparate impact of the stores' "neutral" policy. No! Plaintiffs bring this action because the policy itself is not neutral as it does not apply to all customers. The Act applies where businesses exclude individuals altogether and when treatment is unequal. *Pizarro v. Lamb's Players Theatre*, 135 Cal.App.4th 1171, 1174 (Cal. Ct. App. 2006). If Plaintiffs had been Black or Asian or Hispanic and had been denied access to the restroom meanwhile Caucasians were granted access, it would have attracted a nationwide public outcry. The fact that Plaintiffs and the Caucasian Class (victims) are Caucasian does not change the magnanimity of Defendants' actions. Unreasonable, arbitrary, or invidious discrimination is present where the defendant's policy or action "emphasizes irrelevant differences" or "perpetuates [irrational] stereotypes." *Koire* supra. 40 Cal.3d 24, 33, 36. In *Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1172 [ 278 Cal.Rptr. 614, 805 P.2d 873] (Harris), the plaintiffs were prospective tenants who brought an action under the Unruh Civil Rights Act against a landlord who required that they have a minimum income of three times the amount of rent. (*Harris*, supra, 52 Cal.3d at p. 1148.) Their gender discrimination claims based on a theory that the minimum income requirement had a disproportionate effect on women, who made less money on average than did men failed as it was held to be a disparate impact of a universally applicable neutral

SECOND AMENDED COMPLAINT CLASS ACTION COMPLAINT MARSHALL ET AL. V ROSS STORES, INC. ET AL.

- 11

policy. *Id.* However, in this case, the policy itself is not universally applicable because ROSS is picking and choosing which customers get to use the stores' restrooms based on race. As such, the purported policy of denying restroom-access to customers is not universally applicable to all customers.

46. Upon information and belief, Defendants intentionally discriminated against Plaintiffs as there is reason to believe Defendants have animus against Caucasians. On one occasion, Plaintiff Cindy and M.M. were denied access to the restroom only to return to the store after using another store's restroom to see a black female customer being allowed access to the same restroom, they had been denied access to. Defendants have no excuse for this discriminatory conduct as public policy does not favor the kind of discriminatory treatment Plaintiffs and the class have received at the stores. Moreover, there can be no legitimate interest in allowing some and not all customers access to the stores' restrooms especially when race is a selection criterion.

47. Upon information and belief, Defendants also discriminated against Plaintiff Terry Marshall and members of the Disability subclass when they intentionally denied them access to the restroom even after they had been informed or were aware of their (disability subclass members') disability. Plaintiff Terry Marshall soiled his pants on at least one occasion at the Palmdale store when he was denied restroom access while shopping at the store. Terry had requested that the store's employee grant him access or modify the store's alleged policy of denying restroom access to all customers so that he could use the restroom because he is disabled (diabetes results in an urge to frequently urinate). The store's employee still denied him access to the restroom. Plaintiff Terry Marshall had been exposed to the same treatment at the Lancaster store. Moreover, because Defendants violated the Americans with Disabilities Act when the denied Plaintiff Terry and the Disability subclass access to the stores' restrooms, they also by default, violated the UNRUH ACT under the strength of California Civil Code § 51(f) which states that a violation of the right of any individual under the federal Americans with Disabilities Act shall also constitute a violation of the UNRUH ACT.

48. Defendants' actions were the only cause of Plaintiffs' severe emotional and physical harm. To be denied benefits or privileges based on race and/or disability is disastrous to the victim's mental well-being.

49. Unruh Civil Rights Act violations are per se injurious, *Koire v. Metro Car Wash* (1985) 40

SECOND AMENDED COMPLAINT CLASS ACTION COMPLAINT MARSHALL ET AL. V ROSS STORES, INC. ET AL.

- 12

Cal.3d 24, 33 [219 Cal.Rptr. 133, 707 P.2d 195. Over and above that minimum, to say Plaintiffs were harmed is an understatement. They have each been emotionally traumatized by the treatment that they have been subjected to at the stores. Plaintiffs have not been able to overcome the pain of rejection they suffered simply because they are Caucasian. Plaintiffs cannot come to terms with why their race or disability (as in the caseof Terry) should be a factor in determining whether or not they would be entitled to use restrooms at the stores. Discrimination based on race is nothing to be wished even on one's worst enemy. It robs the victim of their sanity. Plaintiff Terry even soiled his pants on one occasion at the Palmdale store after he was denied access to the restroom. Plaintiffs constantly fear that they would be targeted because of their race each time they go out shopping.

## THIRD CLAIM FOR RELIEF
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### ALL PLAINTIFFS AGAINST ALL DEFENDANTS

50. Plaintiffs hereby restate and incorporate by reference the preceding paragraphs as if set forth herein.

51. Upon information and belief and based thereon, Defendants engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress when they, on several occasions, denied Plaintiffs and the proposed classes, the opportunity to use the restroom at their stores even though other non-White customers were not given the same treatment. Plaintiffs and the classes suffered and continue to suffer severe and extreme emotional distress because of this treatment. Plaintiff Terry Marshall even soiled his pants on one occasion when he was denied restroom access at the Palmdale store. Plaintiffs Cindy and M.M. cannot stop thinking about these incidents and have lost confidence in themselves as they believe that the color of their skin makes them targets for discrimination at the stores.

52. Defendants' outrageous conduct was the actual and proximate cause of the emotional distress. A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a community." (*Potter v. Firestone Tire & Rubber Co*. (1993). 1001, 25 Ca1.Rptr.2d 550, 863 P.2d 795). It is true that liability has been found only where the conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and

SECOND AMENDED COMPLAINT CLASS ACTION COMPLAINT MARSHALL ET AL. V ROSS STORES, INC. ET AL.

- 13 -

to be regarded as atrocious, and utterly intolerable in a civilized community. See *McMahon v. Craig* (2009) 176 Cal.App.4th 1502, 1517. "Discrimination on the basis of race or color is contrary to the public policy of the United States and of this state. Although the anti-discrimination provisions of the federal Constitution relate to state rather than private action, they nevertheless evidence a definite national policy against discrimination." *Burks v. Poppy Construction Co*. (1962) 57 Cal.2d 463, 471 [ 20 Cal.Rptr. 609, 370 P.2d 313].). That the United States and the State of California both decry discrimination goes to show just how intolerable it is in this country be it based on race.

53. "The extreme and outrageous character of the conduct may arise from the actor's knowledge that the other is peculiarly susceptible to emotional distress, by reason of some physical or mental condition or peculiarity. The conduct may become heartless, flagrant, and outrageous when the actor proceeds in the face of such knowledge." (Rest.2d Torts, § 46, com. f, p. 75.)" *Crouch v. Trinity Christian Ctr. of Santa Ana, Inc*., G055602, 14-15 (Cal. Ct. App. Sep. 12, 2019). Also "behavior may be considered outrageous if a defendant (1) abuses a relation or position which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress. (Prosser, Law of Torts, supra, at pp. 57-58; Rest.2d Torts, § 46, coms. e, f).

54. ROSS' employees knew that Plaintiffs were peculiarly susceptible to emotional distress, by reason of their race. The employees' conduct became heartless, flagrant, and outrageous when they proceeded in the face of such knowledge to deny Plaintiffs restroom access at the stores because of their race. ROSS was put on notice about the discriminatory conduct of its employees and did nothing to stop it. Plaintiffs were still denied restroom access at the stores. ROSS knew that plaintiffs were susceptible to injuries through mental distress (stemming from previous restroom-access denials) and also acted intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress especially because plaintiffs had previously complained about the discriminatory restroom policies at the stores.

55. ROSS' employees' discriminatory conduct was a substantial factor in causing Plaintiffs and the classes the grievous emotional injury that they suffered and continue to suffer. Plaintiffs have not

SECOND AMENDED COMPLAINT CLASS ACTION COMPLAINT MARSHALL ET AL. V ROSS STORES, INC. ET AL.

- 14 -

been able to overcome the pain of rejection they suffered simply because they are Caucasian. Plaintiffs cannot come to terms with why their race or disability should be a factor in determining whether or not they would be entitled to use restrooms at the stores. Discrimination based on race is nothing to be wished even on one's worst enemy. It robs the victim of their sanity. Plaintiff Terry even soiled his pants on one occasion at the Palmdale store after he was denied access to the restroom. Plaintiffs constantly fear that they would be targeted because of their race each time they go out shopping.

## FOURTH CLAIM FOR RELIEF

### (NEGLIGENT HIRING, TRAINING, SUPERVISION AND/OR RETENTION OF EMPLOYEE) – All PLAINTIFFS AGAINST DEFENDANT ROSS

56. Plaintiffs hereby restate and incorporate by reference the preceding paragraphs as if set forth herein.

57. Under California law, an employer may be held directly liable for the behavior of an unfit employee where the employer was negligent in the hiring, training, supervising, or retaining of that employee. *Delfino v. Agilent Techs., Inc.*, 145 Cal.App.4th 790, 815, 52 Cal.Rptr.3d 376 (2006). Liability may be imposed "either on the basis of ... action — for example, the negligent hiring of an agent — or ... inaction — for example, the failure to provide adequate supervision of the agent's work." *Far West Financial Corp. v. D & S Co.*, 46 Cal.3d 796, 812, 251 Cal.Rptr. 202, 760 P.2d 399 (1988). The rule "requires some nexus or causal connection between the [employer]'s negligence in selecting or controlling an [employee], the [employee]'s employment or work, and the harm suffered by the third party." *Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139-1140 (2009).

58. ROSS hired the employees who pick and choose whom to allow restroom-access to at the stores based on race. At the Lancaster store, Plaintiff Terry's daughter who is Asian, has been allowed to use the restroom for as long as she likes provided "she keep it quiet" meanwhile his son, M.M. (Caucasian), has been denied restroom access at this same location. In fact, the employee at the Lancaster store who allowed Terry's daughter to use the restroom said to tell no one. On one occasion, same employee 'radioed' another employee called "Jennifer" and asked that she allow M.M. to use the restroom only after Terry's daughter requested access on M.M.'s behalf since he had already been denied access. These employees are unfit or incompetent to perform the work for which they were hired

SECOND AMENDED COMPLAINT CLASS ACTION COMPLAINT MARSHALL ET AL. V ROSS STORES, INC. ET AL.

- 15

as they clearly have animus against Caucasians and people with disabilities or are not well trained on how to accommodate people of all races, and physical conditions. ROSS knew or should have known that their employees were unfit or incompetent and that this unfitness or incompetence created a particular risk to others. The practice continued even after Plaintiffs put ROSS on notice about these practices. ROSS retained its employees or failed to train them on bias after it was put on notice about the discriminatory practices as Plaintiffs were still discriminated against. This discriminatory practice has been going on for a very long time. The employees' unfitness or incompetence and racial animus harmed Plaintiffs and the classes.

59. ROSS' negligence in hiring, training, retaining and/or supervising the employees was a substantial factor in causing Plaintiffs and the classes the grievous emotional injury that they suffered and continue to suffer. Plaintiffs have not been able to overcome the pain of rejection they suffered simply because they are Caucasian. Plaintiffs and the class cannot come to terms with why their race or disability should be a factor in determining whether or not they would be entitled to use restrooms at the stores. Discrimination based on race is nothing to be wished even on one's worst enemy. It robs the victim of their sanity. Plaintiff Terry even soiled his pants on one occasion at the Palmdale store after he was denied access to the restroom. Plaintiffs constantly fear that they would be targeted because of their race each time they go out shopping.

## **PRAYER**

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1. For an order certifying this action as a Class action;
2. For an order appointing Plaintiffs Terry Marshall, Cindy Rickel and M.M. as Class representatives and appointing Plaintiffs' counsel as Class Counsel;
3. For general damages according to proof;
4. For compensatory damages according to proof;
5. For punitive damages where allowed and according to proof;
6. For pre-judgment interest if allowed by law;
7. For costs of suit herein incurred;
8. For attorney's fees to the maximum extent allowed by law;

SECOND AMENDED COMPLAINT CLASS ACTION COMPLAINT MARSHALL ET AL. V ROSS STORES, INC. ET AL.

- 16 -

9. For declaratory and injunctive relief;

10. And for such other further relief as the court may deem proper.

Dated: November 9th 2020.

**KISOB LAW FIRM**

_____

Apemwoyah Kisob Alaric-Lorenzo Esq.

Attorney for the Plaintiffs

SECOND AMENDED COMPLAINT CLASS ACTION COMPLAINT MARSHALL ET AL. V ROSS STORES, INC. ET AL.

- 17 -